**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4638

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAMON ANTOINE GAITHER,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (CR-03-456-WDQ)

Submitted:  July 31, 2006          Decided:  August 30, 2006

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Howard L. Cardin, CARDIN & GITOMER, P.A., Baltimore, Maryland, for Appellant. Charles Joseph Peters, Sr., OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Damon Antoine Gaither appeals his conviction and sentence to 276 months in prison and five years of supervised release following his guilty plea to one count of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2, 924(c) (2000). Gaither's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal but raising the issue of whether the district court erred by accepting Gaither's guilty plea as voluntary and intelligent in view of his mental condition. Gaither has been informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel argues the district court failed to adequately pursue Gaither's mental condition to determine whether he was capable of entering a voluntary and intelligent guilty plea. In any criminal case, a competency determination is necessary only when a court has reason to doubt the defendant's competence. Godinez v. Moran, 509 U.S. 389, 401 n.13 (1993); see also 18 U.S.C. § 4241(a) (2000). A competency hearing should be held when there is reasonable cause to believe the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to such an extent that he is unable to understand the nature and consequences of the proceedings against him. United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995). Whereas the focus of a

competency inquiry is whether a defendant has the ability to understand the proceedings, the purpose of the "knowing and voluntary" inquiry is to determine whether a defendant actually does understand the consequences of a particular decision and whether the decision is uncoerced. Godinez, 509 U.S. at 401 n.12.

Pursuant to his plea agreement with the Government, Gaither admitted participating in the planning and execution of a robbery that resulted in the shooting death of one of the victims. As a result of Gaither's guilty plea, the district court dismissed nine other counts against him for causing the death of a human being in the course of using a firearm during a crime of violence; causing the death of a human being in the course of using a firearm during a drug trafficking crime; conspiracy to obstruct commerce by robbery; conspiracy to possess with intent to distribute marijuana; conspiracy to carry firearms during a crime of violence; obstruction of commerce by robbery; possession with intent to distribute marijuana; using a firearm during a drug trafficking crime; and possession of a firearm by a convicted felon. Gaither stipulated and agreed that an upward departure from the ten-year mandatory minimum range under 18 U.S.C. § 924(c) to a range of between seventeen and twenty-four years was reasonable and appropriate based on the dismissed conduct and seriousness of his conduct.

Subsequent to the offense but prior to his guilty plea, Gaither suffered a closed head injury in an automobile accident that resulted in headaches and impaired cognitive abilities. A psychologist determined Gaither had deficits in concentration, attention, long-term memory, and communication skills. However, Gaither's speech was normal, he had immediate recall, and he was not delusional. Gaither's counsel has acknowledged that although Gaither was "slow," he was not rendered unable to understand the proceedings or to assist counsel in his defense.

We have reviewed the record and conclude the district court did not err in accepting Gaither's guilty plea. Prior to accepting the plea, the district court engaged in an extensive colloquy to ensure that it was knowing and voluntary. Gaither confirmed his understanding of the proceedings by his answers during the colloquy. Although his reading skills were limited, Gaither's attorney read the entire plea agreement to him and Gaither affirmed he understood the agreement. Gaither specifically acknowledged that as a result of his plea, his sentence would be between seventeen and twenty-four years in prison. He affirmed that counsel had acted in accord with his wishes, and he was not coerced into pleading guilty. Moreover, his answers regarding his treatment and medication two years prior to pleading guilty were not sufficient to give the district court cause to believe he was

presently unable to understand the nature and consequences of his guilty plea and the proceedings against him.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Gaither's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition to the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>